IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBIN MACBETH ) | |
| 8580 Evergreen Trail, Apt. 207 ) | |
| Olmsted Township, OH 44138 ) | |
| ) | Case No |
| Plaintiff, ) | |
| ) | JURY DEMAND ENDORSED HEREON |
| v. ) | |
| ) | VERIFIED CIVIL COMPLAINT |
| COMMERCIAL RECOVERY ) | |
| SYSTEMS, INC., ) | (Unlawful Debt Collection Practices) |
| 8035 East R. L. Thornton, Suite 220 ) | |
| Dallas, TX 75228 ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

ROBIN MACBETH (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in the state of Ohio, personal jurisdiction is established.

PLAINTIFF'S VERIFIED COMPLAINT

1

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Olmsted Township, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a national corporation with a business office located in Dallas, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. On January 6, 2011, Defendant placed a telephone call to Plaintiff and failed to provide meaningful disclosure of the caller's identity when leaving a voicemail message for Plaintiff as Defendant did not state its company name. *See* Exhibit A.

11. On January 6, 2011, Defendant placed a telephone call to plaintiff and failed to identify itself as a debt collector when leaving a voicemail message for Plaintiff as Defendant did not indicate that it was an attempt to collect a debt nor did it identify itself as a debt collector. *See* Exhibit A.

12. On January 11, 2011, Defendant placed a telephone call to Plaintiff and failed to provide meaningful disclosure of the caller's identity when leaving a voicemail message for Plaintiff as Defendant did not state its company name. *See* Exhibit A.

13. On January 11, 2011, Defendant placed a telephone call to plaintiff and failed to identify itself as a debt collector when leaving a voicemail message for Plaintiff as Defendant did not indicate that it was an attempt to collect a debt nor did it identify itself as a debt collector. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity; and

    b. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, ROBIN MACBETH respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC, for the following:

15. Statutory damages of $1000.00, pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k;* and

17. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, ROBIN MACBETH, requests a jury trial in this case.

                                                RESPECTFULLY SUBMITTED,

                                      By:  /s/ Peter Cozmyk
                                                Peter Cozmyk,
                                                Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
8043 Corporate Circle; Suite 3
North Royalton, Ohio 44133
phone: (323) 988-2400 x 213
fax: (866) 799-3206
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

    Plaintiff, ROBIN MACBETH, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, ROBIN MACBETH, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

| 4/12/11 | _Robin Macbeth_ |
|---|---|
| Date | ROBIN MACBETH |